IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01227-RMR-KAS

HAYES, STEPHEN

     Plaintiff,

v.

KELLEY, ELIZABETH H., et al.

     Defendant(s).

---

## DEFENDANT KELLEY'S REPLY IN SUPPORT OF MOTION TO DISMISS

---

District Court Magistrate Elizabeth Kelley ("Magistrate Kelley"), through counsel, replies in support of her Motion to Dismiss, ECF 21.

## BACKGROUND

Plaintiff Stephen Hayes brings individual capacity claims under § 1983 against Magistrate Kelley, the judicial officer who presided over a state foreclosure proceeding brought by Freedom Mortgage Company ("Freedom Mortgage") under Colorado Rule of Procedure 120 ("Rule 120"). In the instant case, Magistrate Kelley moved to dismiss the claims against her under the Eleventh Amendment, with regard to the state law claims and to the extent the Court interprets Hayes' suit to bring official capacity; the doctrine of absolute judicial immunity; and for failure to state a claim for relief. ECF 21.

Hayes devotes much of his Response to the technical defects that he perceives occurred during the Rule 120 proceeding, which he largely attributes to other defendants. ECF 40 at 5–9. He also argues against the application of the *Rooker-*

1

*Feldman* and *Younger* abstention doctrines, ECF 40 at 10–12, neither of which

Magistrate Kelley raised in her Motion to Dismiss.[1] *See generally* ECF 21.

Regarding the Eleventh Amendment, Hayes offers no argument in defense of

any official capacity claims or state law claims. Nor does he defend the plausibility of his

First Amendment or criminal law claims. The Court should dismiss these claims.

In his Response, Hayes reiterates his intent to sue Magistrate Kelley only in her

individual capacity. ECF 40 at 2, 10. Absolute judicial immunity bars individual capacity

claims because Magistrate Kelley did not act in the clear absence of all jurisdiction. In

addition, declaratory and injunctive relief are not available against individual capacity

defendants. Further, Hayes fails to plead a plausible due process claim.

## STANDARD OF REVIEW

Magistrate Kelley articulated the full standard of review in her Motion to Dismiss.

ECF 21 at 3–4. In his Response, Hayes argues that defendants bear an "absolute, non-

shifting burden to prove that competent subject-matter jurisdiction exits." ECF 40 at 3.

This is incorrect. "The burden of establishing subject-matter jurisdiction is on the party

asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The case

relied on by Hayes supports the same position: "[w]hen a Rule 12(b)(1) motion

challenge is raised to the factual basis for subject matter jurisdiction, the burden of

---

[1] In a footnote, Magistrate Kelley did observe that, as alleged in the Complaint, the Rule 120 proceeding was ongoing; so *Younger* abstention would have applied if the state proceeding had not ended on April 7, 2026, after the filing of this suit. ECF 21 at 3 n.2.

proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).[2]

## ARGUMENT

I.     **Magistrate Kelley is absolutely immune for her judicial actions, and Hayes may not pursue declaratory and injunctive relief against her in her individual capacity.**

In the Response, Hayes confirmed that he sues Magistrate Kelley only in her individual capacity. ECF 40 at 2 ("Plaintiff's Complaint explicitly sues Defendant Elizabeth H. Kelley strictly in her individual capacity"), 10. Absolute judicial immunity bars these claims because Magistrate Kelley did not act in the clear absence of all jurisdiction. The court should also dismiss the claims for declaratory and injunctive relief because such relief is not available against an individual capacity § 1983 defendant.

A.     **Magistrate Kelley did not act in the clear absence of all jurisdiction and is entitled to absolute judicial immunity.**

A judicial officer loses judicial immunity "only when [they] ha[ve] acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quotation omitted). Courts distinguish between judicial acts in "excess of jurisdiction," for which judicial officers are immune, and those in "the clear absence of jurisdiction," for which they are not. *Bradley v. Fisher*, 80 U.S. 335, 351 (1871). "A judge acts in the clear absence of all jurisdiction only when [they] act[] clearly without any colorable claim of jurisdiction." *Ysais v. New Mexico*, 373 F. App'x 863, 866–67 (10th Cir. 2010).

---

[2] Hayes mistakenly cites this as a Tenth Circuit case. ECF 40 at 3–4.

Here, Magistrate Kelley did not act in the clear absence of all jurisdiction. Magistrates may preside over a Rule 120 proceeding without the consent of the parties. C.R.M. 6(c)(1)(C). And Rule 120 tasks a court with determining "whether the moving party is the real party in interest," whether "there is a reasonable probability that the moving party is entitled to an order authorizing a foreclosure sale," among other legal criteria, and with "enter[ing] an order authorizing sale" if appropriate. C.R.C.P. 120(d)(1), (2). Magistrate Kelley acted well within her jurisdiction in holding that Freedom Mortgage was the real party in interest, that there was a reasonable probability it was entitled to an order authorizing a foreclosure sale, and with issue the order authorizing sale. *See* ECF 21-1 at 1. All of Hayes' claims concern judicial acts performed by Magistrate Kelley for which she is absolutely immune.

Contrary to Hayes' contention, ECF 40 at 4, 9, Colorado Rule for Magistrates 5(f) did not deprive Magistrate Kelley of jurisdiction. The Rule provides that "[n]o magistrate shall have the power to decide whether a state constitutional provision, statute, municipal charter provision, or ordinance is constitutional either on its face or as applied." C.R.M 5(f). Hayes' claim that Freedom Mortgage lacked standing does not implicate Rule 5(f) because it does not challenge the constitutionality of a state constitutional provision, statute, municipal charter provision, or ordinance.

Even if Rule 5(f) applied, it did not require Magistrate Kelley to "transfer the file to a District Judge" as Hayes argues. ECF 40 at 4. Rather, the Rule provides that qualifying constitutional questions "may … be raised for the first time on appeal or

review of the magistrate's order or judgment." C.M.R. 5(f). Thus, the appropriate procedure, if an applicable constitutional question had arisen, would be for Hayes to seek subsequent review from a state district court judge.

Regardless of whether Magistrate Kelley complied with Rule 5, the question regarding judicial immunity is not whether the judicial officer lacked authority to perform a certain action, but whether they acted in the clear absence of all jurisdiction. *See Urb. v. Henley*, 654 F. Supp. 870, 878 (D. Kan. 1987) ("[Plaintiff equates 'lack of authority' with 'clear absence of jurisdiction.' This is simply an incorrect view of the law."). Here, Magistrate Kelley acted in accordance with the jurisdiction provided by the Colorado Rules for Magistrates and the Colorado Rules of Civil Procedure; regardless of her authority or the accuracy of her legal decision, she is absolutely immune from suit.

Hayes also argues that procedural errors by Freedom Mortgage, the merits of the Freedom Mortgage's entitlement to foreclosure, and Magistrate Kelley's supposed personal bias deny her judicial immunity. ECF 40 at 5–10. However, absolute judicial immunity applies "even when the judge is accused of acting maliciously and corruptly," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), "even if [their] exercise of authority is flawed by the commission of grave procedural errors," *Stump*, 435 U.S. at 359, and "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff," *Bradley v. Fisher*, 80 U.S. 335, 347 (1971). Therefore, Magistrate Kelley is absolutely immune from all of Hayes' claims.

5

### B.     Declaratory and injunctive relief is not available for § 1983 individual capacity claims.

Hayes argues that declaratory relief is available against Magistrate Kelley in her individual capacity under *Snyder v. Harris*, 738 F. App'x 606 (10th Cir. 2018). ECF 40 at 10. No such case exists,[3] nor did a Westlaw search yield results for cases with this case name under a different citation addressing this point of law.[4]

Further, Hayes argues that he seeks a declaration "as a foundational predicate to establish liability for personal compensatory and punitive damages." ECF 40 at 10. Thus, according to Hayes, he only seeks monetary damages and does not actually request declaratory or injunctive relief.

"Under § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022); *accord. Brown v.* Montoya, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011). The Court should dismiss Hayes' claims seeking declaratory and injunctive relief, all brought only in Magistrate Kelley's individual capacity.

---

[3] A different case from the Eleventh Circuit, which does not consider sovereign immunity or the availability of declaratory relief, includes the applicable reporter page for Hayes' citation. *See Sheely v. Bank of Am., N.A.*, 738 F. App'x 603 (11th Cir. 2018).

[4] If Hayes later identifies this case or supplies other legal authority for his argument, Magistrate Kelley reserves her right to advance additional argument on this subject.

**II.    The Court should dismiss any official capacity claims and state law claims under the Eleventh Amendment.**

Magistrate Kelley argued that the Court should dismiss any official capacity claims[5] or state law claims under sovereign immunity. ECF 21 at 4–8. Hayes makes no argument in defense of such claims in his response. *See generally* ECF 40. Hayes confirmed he only sues Magistrate Kelley in her individual capacity. ECF 40 at 2, 10.

Whether sovereign immunity bars state law claims does not depend upon the capacity of the state-official defendant. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Rather, sovereign immunity bars state law claims because such claims "do[] not vindicate the supreme authority of federal law." *Id.* In addition, except for an inapplicable exception for peace officers, § 31-21-131, C.R.S., Colorado does not have a statutory cause of action to address violations of the Colorado Constitution. *Sandberg v. Englewood*, 727 F. App'x 950, 964 (10th Cit. 2018).

For the reasons raised in her Motion to Dismiss, ECF 21 at 4–8, the Court should dismiss any state law claims and official capacity claims (to the extent asserted) under the Eleventh Amendment and sovereign immunity.

---

[5] Magistrate Kelley advanced this argument because claims for declaratory and injunctive relief are only available for official capacity claims. ECF 21 at 4–5.

### III.    Hayes fails to plead plausible claims for relief.

#### A.    Hayes does not plead a plausible First Amendment claim or criminal law claim.

Hayes does not defend the viability of his criminal law claims or First Amendment claim in his response. For the reasons raised in the Motion to Dismiss, the Court should dismiss these claims for failure to state a claim for relief. *See* ECF 21 at 13–15.

#### B.    Hayes does not plead a plausible due process claim.

Hayes argues that he pleaded a plausible due process claim because (1) he lacked sufficient notice of the hearing and exhibits, (2) Magistrate Kelley did not comply with Colorado Rule for Magistrates 5(f), and (3) Magistrate Kelley was not impartial because of this lawsuit. ECF 40 at 8–10. For four reasons, these arguments fail.

First, Hayes did not plead these allegations in his Complaint, so the Court should not consider them. *Warad W., LLC v. Sorin CRM USA Inc.*, 119 F. Supp. 3d 1294, 1305 (D. Colo. 2015) ("[W]hen deciding a Rule 12(b)(6) motion, this Court may not consider new allegations contained in a plaintiff's response."); *Boyer v. Bd. of Cnty. Comm'rs of Cnty. of Johnson Cnty.*, 922 F. Supp. 476, 482 (D. Kan. 1996) ("It is inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time.").

Second, the Complaint and exhibits demonstrate that Hayes had sufficient notice. Hayes alleges that he received a notice from the Boulder County Court on March 20, 2026. ECF 1 at 6. And Hayes did in fact appear at the April 7, 2026, hearing and argue in support of his position. ECF 21-1 at 1. Regarding the timing of exhibits, this conduct is attributable to Freedom Mortgage, not Magistrate Kelley. ECF 40 at 8.

8

Further, the transcript submitted by Hayes as an attachment to a different filing shows that Hayes did not object to receiving the exhibits late. ECF 31-12 at 4. The Court asked the parties if there were "[a]ny other issues before we start the hearing?" *Id.* Hayes responded, "no." *Id.* Hayes did not alert Magistrate Kelley to any issue with the exhibits, so she had no reason to believe an issue affecting Hayes' due process rights existed.

Third, as argued above, Magistrate Kelley did not violate Rule 5(f) by presiding over the Rule 120 proceeding after Hayes' contested standing. *See supra* Section I.A. pp. 4-5. Due process requires reasonable notice and an adequate opportunity to be heard. *Silva v. U.S. Bank, Nat'l Ass'n*, 817 F. App'x 545, 549 (10th Cir. 2020). Upon Hayes contesting standing, Magistrate Kelley set the matter for hearing and provided him an opportunity to present objections, thereby complying with due process. ECF 1 at 3–5; ECF 1-1 at 6. Hayes does not show how Magistrate Kelley presiding over the hearing instead of a district court judge plausibly denied him notice and an opportunity to be heard. Even if a qualifying constitutional question had arisen, Rule 5(f) would have permitted Hayes to seek review from a state district court judge. C.R.C.P. 5(f).

Fourth, Magistrate Kelly did not have a conflict of interest. "To demonstrate a violation of due process because of judicial bias, a claimant must show either actual bias or an appearance of bias." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005); *accord. United States v. Woodmore*, 135 F.4th 861, 873 (10th Cir. 2025). When a judge's actions are "motivated by events originating within the context of judicial proceedings, they are insulated from charges of bias." *Nickl*, 427 F.3d at 1298. "A

judge's actual state of mind or prejudice is not at issue." *Id*. Rather, the standard is "purely objective," and "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id.* (internal quotation omitted).

The filing of a "baseless … suit[] against the judge by a party [is] not a basis for recusal." *Sump v. Fingerhut, Inc.*, No. 01-4104-DES, 2002 WL 1602423, at *2 (D. Kan. July 19, 2002) (citing *United States v. Cooley*, 1 F.3d 985, 994 (10th Cir. 1993)). "A party cannot force recusal merely by filing a complaint or a lawsuit against a judge." *Id.*

Here, Hayes alleges for the first time in his Response that Magistrate Kelley violated due process because she continued to preside over the Rule 120 hearing after he filed the lawsuit in the instant case. ECF 40 at 9. However, in support of his claim of bias, he points only to normal judicial actions, motivated by events originating within the context of the Rule 120 proceedings. *Id.*; *see* C.R.C.P. 120. Magistrate Kelley is therefore insulated from any allegation of bias. *See Nickl*, 427 F.3d at 1298.

Further, Hayes fails to plead facts showing the filing of the instant suit motivated Magistrate Kelley to rule against him. Hayes cannot force a recusal merely by filing a complaint against Magistrate Kelley. *Sump*, 2002 WL 1602423, at *2. Thus, the filing of this suit without any legal basis did not require Magistrate Kelley to recuse herself, and Hayes fails to allege a plausible violation of due process.

## CONCLUSION

The Court should dismiss the claims against Magistrate Kelley under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Respectfully submitted this 1st day of June 2026,

PHILIP J. WEISER
Attorney General

*s/ Jeremy D. Johnston*

JEREMY D. JOHNSTON* 54424
Assistant Attorney General
Civil Litigation & Employment Section
1300 Broadway, 10th Floor
Denver, CO  80203
Telephone: (720) 508-6345
FAX: (720) 508-6038
Email: jeremy.johnston@coag.gov
*Counsel of Record
*Attorneys for Defendant Kelley*

CERTIFICATE OF SERVICE

I certify that I served the foregoing DEFENDANT KELLEY'S REPLY IN
SUPPORT OF MOTION TO DISMISS upon all parties herein by e-filing with the
CM/ECF system maintained by the court or by depositing copies of same in the
United States mail, first-class postage prepaid, at Denver, Colorado, this 1st day of
June 2026 addressed as follows:

*Pro Se Plaintiff*
Stephen Hayes
205 Ken Pratt Boulevard, Ste. 120, #1018
Longmont, CO 80501
Phone: (720) 891-7391
Email:  heliosexpressenterprize@gmail.com

*s/ La'Tasha Canty*