THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-01227-RMR-KAS

STEPHEN HAYES,

Plaintiff,

v.

ELIZABETH H. KELLEY;
FREEDOM MORTGAGE CORPORATION;
AMY SCHIANO;
PAUL WEISSMANN;
STEVEN BELLANTI,

Defendants.

---

## REPLY IN SUPPORT OF COUNTY DEFENDANTS' MOTION TO DISMISS

---

Defendants Amy Schiano and Paul Weissmann (collectively "County

Defendants") submit this Reply in support of their Motion to Dismiss Plaintiff's Complaint

pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

### Argument

### I.    Plaintiff's Due Process Claim is barred under Federal Abstention Doctrine.

Plaintiff is seeking to reverse the foreclosure process including the state court-

approved foreclosure sale on May 13, 2026. (ECF No. 19, p. 4.) Plaintiff argues that the

*Rooker-Feldman* Doctrine is inapplicable to the instant matter because he filed his

Complaint on April 1, 2026 before the Rule 120 Order finding a default and authorizing a

sale was completed. (ECF No. 39, pp. 4-5.) While Plaintiff's argument may have merit in

other contexts, courts in this District have applied *Rooker-Feldman* to similar cases. In

*Lewis v. Wells Fargo Bank NA*, 11-CV-03387-CMA-KLM, 2012 WL 4097709 (D. Colo.

Aug. 21, 2012)(unpublished), the court applied *Rooker-Feldman* where the foreclosure sale occurred the day after initiation of the federal court case because the "entire foreclosure process" had concluded during the early stages of the federal litigation. *Id.* at *6. The court concluded that if it "were to grant Plaintiff's request for relief as to the foreclosure, it would engage in the conduct explicitly prohibited by the *Rooker-Feldman* doctrine, *i.e.,* review and rejection of a state court decision in federal court." *Id*; *see also Silva v. US Bank, Nat'l Assoc.*, 294 F. Supp. 3d 1117, 1128–29 (D. Colo. 2018), *report and recommendation adopted sub nom. Silva v. US Bank, Nat'l Assoc. as Tr. under Pooling & Serv. Agreement dated as of Feb. 1, 2007*, No. 17-CV-1529-WJM-KLM, 2018 WL 10561514, at *1 (D. Colo. Mar. 19, 2018) (unpublished) (finding Rule 120 proceeding was final judgment for *Rooker-Feldman* purposes because the state court had gone beyond simply authorizing the sale and had approved it.) The Court in the instant matter is confronted with a similar circumstance and should dismiss the action.

## II. The County Defendants are entitled to Qualified Immunity

In the Tenth Circuit, qualified immunity operates as an affirmative defense, and while the burden of pleading it rests with the defendant, "when a [public official] asserts the defense of qualified immunity, the burden shifts to the plaintiff to overcome the asserted immunity." *Ahmad v. Furlong*, 435 F.3d 1196, 1198 (10th Cir. 2006). The plaintiff must "come forward with facts or allegations sufficient to show both that the defendant's alleged conduct violated the law and that the particular law was clearly established when the alleged violation occurred." *Prager v. LaFaver*, 103 F.Supp.2d 1278, 1282 (D. Kan. 2000) (citations omitted). "[U]nless the plaintiff carries its twofold burden, the defendant prevails" and the case must be dismissed. *Mick v. Brewer*, 76

F.3d 1127, 1134 (10th Cir. 1996). The Tenth Circuit has emphasized that "the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity." *Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 877–78 (10th Cir. 2014) (internal citation and quotation marks omitted). For the reasons set forth herein, Plaintiff has failed to carry his burden and the County Defendants are entitled to qualified immunity.

### A. First Prong – Plaintiff has failed to allege a constitutional violation

The County Defendants are entitled to qualified immunity because Plaintiff has failed to plead constitutional violations.

#### i.    Plaintiff has failed to allege a due process claim.

The only allegation against the County Defendants in Plaintiff's complaint is that they accepted the Notice of Election and Demand ("NED") submitted by the attorney for Freedom Mortgage without verifying standing before scheduling the foreclosure sale. (ECF No. 1, pp. 7 ¶ 24, 9-10.) In other words, Plaintiff alleges that the County Defendants complied with state law which requires the Public Trustee to review the NED and accept it for filing "if complete", C.R.S. § 38-38-102(1), and to schedule a foreclosure sale date, which cannot be "less than 110 calendar days nor more than 125 calendar days after the date of recording of the notice of election and demand." C.R.S. § 38-38-108(1)(a).

The public trustee's review is limited to determining whether the filing is "complete" based on the statutory requirements set forth in section 38-38-101(4), which specifies the contents that a notice of election and demand must contain, including the outstanding principal balance, legal description of the property, and other technical

information C.R.S. §  38-38-101. The statute does not authorize or require the public trustee to investigate or verify the legal authority of the party filing the notice or to determine whether that party is the actual holder of the debt or the real party in interest. *Mbaku v. Bank of America, N.A*., 628 F. App'x 968, 977 (10th Cir. 2015) (unpublished) (quoting *Land Title Ins. Corp. v. Ameriquest Mortg. Co.*, 207 P.3d 141, 143 n.6 (Colo. 2009) (A notice of election and demand for sale simply "makes demand on the public trustee to give notice, advertise for sale, and sell the property described in the notice."). It is the responsibility of the state court to determine whether the lender is a real party of interest at a Rule 120 hearing before a sale is authorized. Colo. R. Civ. P. 120(d)(1)(C) (The court shall examine "whether the moving party is the real party in interest").

The Tenth Circuit has concluded that Colorado's foreclosure procedures are constitutional as they provide sufficient process to homeowners. *Davis v. Deutsche Bank Nat'l Tr. Co.*, 737 F. App'x 379, 385 (10th Cir. 2018) (unpublished)); *see also Mbaku v. Carrington Mortgage Svcs., LLC*, 735 F. App'x 533, 539 (10th Cir. June 6, 2018) (unpublished) ("Colorado's non-judicial foreclosure process therefore provides the debtor with both notice of the potential property deprivation and an opportunity to be heard, as required to satisfy due process."). Plaintiff's complaint does not allege that the NED filed in this matter did not meet the requirements of C.R.S. § 38-38-101(4) and fails to allege what specific procedures the County Defendants failed to follow by complying with statute, accepting the NED and scheduling the sale. Accordingly, Plaintiff's Complaint has failed to allege a due process violation against County Defendants, and they are entitled to qualified immunity and dismissal of this claim.

In his response to Boulder County's Motion to Dismiss, Plaintiff does not address County Defendants' argument that by accepting the NED they did not violate due process. (*See* ECF No. 39.) Instead, he makes new allegations related to the May 13, 2026 sale of the property. (*Id* at 12-13.) Plaintiff alleges that the County Defendants violated due process by executing a sale on May 13, 2026, "using an Amended Order Authorizing Sale that was completely *void ad initio* for a total lack of state court subject matter jurisdiction." (ECF No. 38-9, p. 3.)[1] Plaintiff alleges, therefore, that the County Defendants are not entitled to qualified immunity because "their actions [were] taken in clear absence of all jurisdiction." *Id.* A plaintiff cannot amend a complaint by adding factual allegations in response to a motion to dismiss. *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F.Supp.3d 1201, 1206 (D. Colo. 2015) (citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) ); *MVT Servs., LLC v. Cardenal Express, S.A. de C.V.*, No. 14-CV-282-MV-GBW, 2015 WL 13050027, at *2 (D.N.M. June 29, 2015) (unpublished) (quoting *In re Sanofi-Aventis Sec. Litig.*, 774 F.Supp.2d 549, 562 (S.D. N.Y. 2011) ("'It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.'")) Accordingly, Plaintiff's new allegations concerning the sale of the property should be disregarded.

Assuming arguendo, Plaintiff's new factual allegations were properly before the Court, his allegation that due process obligated the County Defendants to assess the jurisdiction of the state court is without any factual or legal foundation. The County Defendants are obligated to comply with statutes and court orders. It is not their

---

[1] Plaintiff's response to the County Defendants' Motion to Dismiss, references and incorporates ECF No. 38-9 for his argument in opposition to the motion to dismiss based on qualified immunity. (ECF No. 39, p. 5.)

obligation to assess the jurisdiction of the court to render decisions. *See GTE Sylvania, Inc. v. Consumers Union of the U.S., Inc.*, 445 U.S. 375, 386 (1980) (holding that persons subject to a court order "are expected to obey that [order] until it is modified or reversed, even if they have proper grounds to object to the order"). Accordingly, Plaintiff has failed to allege a due process violation and the County Defendants are entitled to dismissal of this claim.

ii.     *Plaintiff has failed to allege a prior restraint.*

In opposition to the County Defendants' Motion to Dismiss, Plaintiff does not address their motion with respect to his prior restraint claim. (*See* ECF No. 39.) Accordingly, Plaintiff's prior restraint claim should be deemed abandoned and dismissed. *see C1.G ex rel. C.G. v. Siegfried*, 38 F.4th 1270, 1282 (10th Cir. 2022) ("The district court correctly dismissed Plaintiff's facial challenge here because he abandoned it by not addressing it in his response to Defendants' motion to dismiss."); *Cortishae-Eier v. Ford Motor Co.*, No. 23-3081-EFM-TJJ, 2023 WL 5625311, at *3 (D. Kan. Aug. 31, 2023) (unpublished) (finding plaintiff abandoned some claims by "fail[ing] to substantively respond" on motion to dismiss).

iii.    *Plaintiff has failed to allege the personal involvement of Paul Weissmann.*

In the complaint, the only allegation against Paul Weissmann was that the acceptance of the NED went "unchallenged" by him. (ECF No. 1, p. 10.) Plaintiff does not address this argument in his response to the motion to dismiss. Rather he alleges for the first time that Mr. Weissmann personally violated due process because he was on notice of Plaintiff's claims and still permitted the property to be sold on May 13, 2026 despite "an active federal title blockade." (ECF No. 38-9, p. 4.) Because these

6

allegations were raised for the first time in opposition to County Defendants' motion to dismiss, they should be disregarded. (*See supra*, p. 4.)

Regardless of Plaintiff's allegations, there is no, nor has there ever been, an injunction prohibiting the sale of the property pending the determination of the litigation. Accordingly, Plaintiff has failed to allege that any action taken by Mr. Weissmann violated court order or statute, let alone the United States Constitution.

Moreover, while Plaintiff alleges in a conclusory fashion that Mr. Weissmann had "subjective knowledge that the underlying foreclosure documents were unverified" (ECF No. 38-9, p. 4), he fails to allege any factual support for that allegation. Pursuant to C.R.S. § 38-38-101(1)(b)(II) a qualified holder of a debt may file a copy of the note when certified by the attorney for the holder. Pursuant to C.R.S. § 38-38-100.3(20)(f) a qualified holder is a federal housing administration approved mortgagee. In the instant matter, Freedom Mortgage filed a certification pursuant to C.R.S. § 38-38-101 with the NED certifying that the note was an accurate copy and that it was a qualified holder. (Movants' Reply Appx, pp. 1-2.) "These documents were sufficient to show that [Freedom Mortgage] was a qualified holder and thus had standing to foreclose." *Edwards v. Bank of America, N.A*., 2016 COA 121, ¶ 18  (citing *Miller v. Deutsche Bank Nat'l Tr. Co. (In re Miller)*, 666 F.3d 1255, 1265 (10th Cir. 2012).

Moreover, Plaintiff's assertion that Mr. Weissmann had "actual knowledge" that the sale was improper because he was named in a federal lawsuit (ECF No. 38-9, p. 4) is unavailing. Being aware of unsubstantiated allegations that further action is unconstitutional does not constitute a due process violation when acting in accordance with the law, and Plaintiff makes no allegation that Mr. Weissmann's conduct in

scheduling the sale of the property based on a facially valid court order in accordance with statute violated due process. *See Silva v. U.S. Bank, N*.A., 294 F.Supp.3d 1117, 1132 (D. Colo. 2018) (allegation that Public Trustee held a public auction enforcing a Rule 120 Order is insufficient to allege a due process claim). Accordingly, Plaintiff's new allegations fail to raise the personal involvement of Mr. Weissmann in a due process violation.

### B. Second Prong – Plaintiff has failed to allege violation of clearly established constitutional right

Plaintiff does not allege that the County Defendants exercised their discretion in clear contravention of state law or in violation of a valid court order. Rather he alleges that the County Defendants failed to investigate the creditor's standing before accepting the NED and failed to halt the sale of the property based on the allegations in Plaintiff's Complaint. (ECF No. 1, pp. 7 ¶ 24, 9-10; ECF No. 38-9, p. 4.) Reliance on a state statute renders the County Defendants' conduct objectively reasonable.

> Relevant factors in determining whether reliance on a statute rendered an official's conduct objectively reasonable include: (1) the degree of specificity with which the statute authorized the conduct; (2) whether the official in fact complied with the statute; (3) whether the statute has fallen into desuetude; and (4) whether the official could have reasonably concluded the statute was constitutional.

*Roska ex rel. Roska v. Sneddon*, 437 F.3d 964, 971 (10th Cir. 2006) (citations omitted).

As previously noted, the foreclosure statute does not require the Public Trustee to investigate standing when accepting the NED (*See supra*, p. 3). County Defendants are only required to ensure the documents submitted are complete. *Id.* To be complete "the holder of an evidence of debt must file '*a statement signed by the attorney for such holder*, citing the paragraph of section 38–38–100.3(20) *under which the holder claims*

8

*to be a qualified holder* and certifying or stating that the copy of the evidence of debt is true and correct. § 38–38–101(1)(b)(II)'" *Edwards*, 2016 COA 121, ¶ 17. (emphasis in original). Freedom Mortgage filed the appropriate certification.[2] (Movants' Reply Appx., pp. 1-2.) There is no allegation that the County Defendants did not comply with the statute, rather Plaintiff argues that the County Defendants were obligated to exceed what was required by statute and the court order based on his allegations and objections. Moreover, the statute has not fallen into desuetude and County Defendants reasonably believed that the statute was constitutional. Plaintiff failed to allege that the County Defendants' action in complying with the statute violated clearly established principles of due process. *McBeth v. Himes*, 598 F.3d 708, 716 (10th Cir. 2010).  Accordingly, Plaintiff has failed to identify any precedent that would put the County Defendants on notice to the fact that their conduct violated clearly established law. The County Defendants, therefore, are entitled to qualified immunity under both prongs.

### III.    Plaintiff has failed to allege a claim for Extortion

In the complaint, Plaintiff alleges that County Defendants participated in a fraud because they accepted a photocopy of the promissory note with the NED. (ECF No. 1,

---

[2] Where documents are central to a plaintiff's claims, they may be properly considered in a motion to dismiss, and conversion to summary judgment is not required. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir.1997). In addition, the court may consider documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). The document provided at pages 1-2 of Movants' Reply Appendix were filed in connection with the foreclosure action and are matters of public record. In addition, the note and the attorney certification with respect to the note are central to refuting Plaintiff's claim that the County Defendants accepted an unauthorized copy of the note.

pp. 14-15.)  However, as noted above, the documents submitted with the NED were properly certified by Freedom Mortgage's attorney. (*See supra*, p. 6.) Accordingly, accepting a photocopy of the note certified by the Lender's attorney is specifically authorized and is not criminal.

Moreover, Plaintiff appears to concede that he has not sufficiently alleged a state law claim for extortion. (ECF No. 39, pp. 5-6 (governmental immunity does not apply to a federal RICO claim).) To state a RICO claim under § 1962(c), a plaintiff must allege that defendants (1) participated in the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Tal v. Hogan*, 453 F.3d 1244, 1269-70 (10th Cir. 2006); *Gillmor v. Thomas*, 490 F.3d 791, 798 (10th Cir. 2007). "Racketeering activity" means any act which is indictable under a federal or state criminal statute." *Tal*, 453 F.3d at 1261 (citing 18 U.S.C. § 1961(1)). A "pattern" of "racketeering activity" requires a showing of "at least two acts of racketeering activity" occurring within a ten-year period. *Id.* at 1267; *see also* 18 U.S.C. § 1961(5). These underlying acts are referred to as predicate acts because they form the basis for liability under RICO. *Id.* at 1261-62 (internal citations omitted). These predicate acts must be related to one another and demonstrate criminal conduct of a continuing nature. *Id.* at 1267-68. County Defendants' compliance by accepting the NED associated documents does not demonstrate criminal conduct of a continuing nature.

In opposition to the motion to dismiss, Plaintiff raises additional conduct that he alleges constitute predicate acts. (ECF No. 39, pp. 7-8.)  These new allegations should be disregarded. (*See supra*, p. 4.) Regardless, the additional conduct alleged by Plaintiff

could hypothetically violate court rules and procedures, but they are not criminal.

Accordingly, Plaintiff's civil RICO claim must be dismissed.

## Conclusion

For the reasons stated above, the Court should dismiss Plaintiff's claims against the County Defendants with prejudice.

Dated: June 9, 2026.

Respectfully submitted,

BOULDER COUNTY ATTORNEY

By: /s/ Kevin McCaffrey
Kevin McCaffrey
Assistant County Attorney
Colin J. Mayberry
Assistant County Attorney
P.O. Box 471
Boulder, CO 80306
(303) 441-3190
kmccaffrey@bouldercounty.gov
cmayberry@bouldercounty.gov

*Counsel for Defendants Paul Weissmann and Amy Schiano*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, I electronically filed the foregoing **REPLY IN SUPPORT OF COUNTY DEFENDANTS' MOTION TO DISMISS** via U.S. District Court electronic filing service, and that a true and correct copy was served upon the following via U.S. Mail and E-Mail, postage prepaid, together with a copy of the notice of electronic filing and the unpublished cases cited herein:

Stephen Hayes
205 Ken Pratt Blvd, Ste.120 #1018
Longmont, CO 80501
P: 720-891-7391

*Plaintiff Pro se*

/s/ Kevin McCaffrey
Kevin McCaffrey

11