**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-CV-1227-RTG

Plaintiff: STEPHEN HAYES

vs.

Defendants: ELIZABETH H. KELLY in her individual capacity and not in her official capacity; FREEDOM MORTGAGE CORPORATION; AMY SHIANO in her capacity and not in her official capacity; PAUL WEISSMANN in his individual capacity and not in his official capacity; STEVEN BELLANTI Counsel in his individual capacity and not in his professional capacity, Atty for Freedom Mortgage Corporation

---

**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

---

Defendants Freedom Mortgage Corporation and Steven Bellanti, erroneously named as "Steven Bellanti Counsel in his individual capacity and not in a professional capacity" (collectively, the Defendants") hereby submit their joint reply in support of their motion to dismiss the Complaint filed by Plaintiff Stephen Hayes ("Hayes" and/or "Plaintiff").

## I.    INTRODUCTION

The primary arguments of Hayes in his Opposition are three-fold.  First, he argues the *Rooker-Feldman* Doctrine, developed from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), does not apply to Rule 120 Motions.  Nowhere in the Motion to Dismiss do Defendants reference or suggest dismissal based upon the *Rooker-Feldman* Doctrine.

Second, Hayes continues to argue, without legal support, that the Rule 120 Motion was somehow defective because Attorney Steven Bellanti ("Attorney Bellanti") and Freedom Mortgage Corporation both verified the Rule 120 Motion at different times.   The Rule 120 Motion complied with C.R.C.P. 120(a)(1) and the argument should be rejected.

1

Finally, despite the authority to the contrary, Hayes argues the state court lacked subject matter jurisdiction to preside over the Rule 120 proceeding.  Again, there is no legal support for the argument.

Hayes cleverly exceeds the page limitations by attaching exhibits with additional legal arguments that should be disregarded by the Court.  The balance of the Opposition and exhibits thereto bring in new facts that are not a part of the Complaint and include arguments that are, for the most part, incomprehensible.

For the reasons set forth below, the Court should grant the motion to dismiss, with prejudice, for failure to state a claim.

## II.     LEGAL ARGUMENT

A. <u>Defendants did not raise the *Rooker-Feldman* Doctrine or Other Arguments Now Made by Plaintiff in Response to Defendants' Motion to Dismiss</u>.

Defendants' Motion to Dismiss set forth a summary of the allegations in the 28-page Complaint, added additional facts based upon documents referenced in the Complaint and went through each count to show why Plaintiff failed to state claims for relief.  The Opposition, on the other hand, does not respond directly to Defendants' arguments and instead, raises issues not in the Complaint or Defendants' Motion to Dismiss.

The causes of action in the Complaint are: (1) Deprivation of rights under Color of Law – Due Process; (2) First Amendment Violation; and (3) Extortion.  Hayes does not rebut the arguments made by the Defendants regarding the causes of action.  Inexplicably, Hayes appears to be responding to another party's motion instead.

By way of example, Defendants did not raise the *Rooker-Feldman* Doctrine yet Hayes spends two pages discussing why it doesn't apply. [Opposition, pp. 4-5, Section III]  Section VII

2

CO-26-1053244-CV

talks about the Anti-Injunction Act (28 U.S.C. § 2283) and the *Younger* abstention doctrines yet Defendants did not raise those issues in the Motion to Dismiss. [Opposition, pp. 11-12]

Other statements by Hayes are incomprehensible and don't relate to the Complaint at all. On page 3, Paragraph B of the Opposition, Hayes states the following:

> The complete forensic breakdown of the microsecond automated list-shifting, portal status manipulation, and the private/non-public backend transfer to H2 Properties is detailed extensively under Rule 9(b) particularity in **(Exhibit Z)** , incorporated herein by reference.

It appears Hayes may be attempting to add additional causes of action now that the non-judicial foreclosure sale was completed. This goes beyond the scope of the Motion to Dismiss which looks to the four corners of the Complaint. For purposes of Rule 12(b)(6), the court will not consider new allegations contained in plaintiff' *Warad W., LLC v. Sorin CRM USA Inc.*, 119 F. Supp. 3d 1294, 1305 (D. Colo. 2015).

B.   Hayes Misconstrues the Requirements of C.R.C.P. 120.

Hayes claims Defendants engaged in an "illegal oath split" by having both Attorney Bellanti and Freedom verify the Rule 120 Motion for Order Authorizing Sale. There is no such thing as an "illegal oath split." Hayes further argues mathematical impossibility of the "8-day temporal void." Again, an "8-day temporal void" is a fabricated phrase by Plaintiff. Hayes cites to no legal authority other Rule 120 itself, which does not support his arguments and novel phraseology.

The Rule 120 Motion was verified by Erica D. Tracy, an employee of Freedom, except paragraphs 4(b), 4(c) and (5) which were verified by Attorney Bellanti.

Plaintiff cites to C.R.C.P. 120(a) which states that a Rule 120 motion "shall be verified by a person with direct knowledge of the contents of the motion who is competent to testify regarding the facts stated in the motion." Plaintiff alleges that Attorney Bellanti improperly

3

verified the Rule 120 Motion.  Plaintiff ignores the true facts.  The Rule 120 Motion was verified by an employee of Freedom except for paragraphs 4(b), 4(c) and 5, which were verified by Attorney Bellanti  [Exhibit 2, pp. 4, 6]    Paragraph 4(b) confirms the names of persons who appear to have required a record interest on the property. [Exhibit 2, p.2, ¶4(b)].  Paragraph 4(c) of the Rule 120 Motion verifies the current owner of the Property. [Exhibit 2, p.2, ¶ 4(c).  The information in paragraphs 4(b), (c) was verified by Attorney Bellanti after reviewing the title search for the property.   In addition, paragraph 5 of the Rule 120 Motion concerns the applicability of the Servicemembers Civil Relief Act and attaches copies of searches run by the law firm.  [Exhibit 2, p. 3, ¶5, pp. 24-25]

Plaintiff's pleadings do not allege that Attorney Bellanti engaged in any act that could be considered a prohibited communication, misrepresentation, or conduct directed to the Plaintiff within the scope of the FDCPA. 15 U.S.C. §1692(e). Plaintiff's allegations that the Defendants illegally signed the verified Rule 120 motion and the Notice of Election and Demand are conclusory, factually incorrect, and outside the scope of the FDCPA.

Hayes cites to an older version of Rule 120(a)(1) that allowed an attorney to verify a Rule 120 motion for a moving party.  Rule 120 was amended in 2018 to require the motion to be verified by a person with knowledge of the contents of the motion.  Thus, it would have been improper for Attorney Bellanti to verify the Rule 120 Motion alone, but there is nothing prohibiting both Attorney Bellanti and Freedom from verifying the motion as each verified the parts to which they had knowledge and were competent to testify about.

C.   <u>Defendants Motion to Dismiss is not Based on Fed. R. Civ. P. 12(b)(1).</u>

Defendants did not seek dismissal under Fed. R. Civ.P. 12(b)(1) for lack of jurisdiction, yet Plaintiff includes an argument challenging jurisdiction under Rule 12(b)(1).  [Opposition, p.

4

2]    Although Defendants deduced that Plaintiff is challenging the jurisdiction of the Boulder County District Court, Page 3 of the Opposition states, in pertinent part, "**Plaintiff mounts a formal factual attack on the jurisdiction of this Court**."   Plaintiff cites to *Fredericksburg v. Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (10th [sic] Cir. 1991).  The *Fredericksburg* case is a Fourth Circuit case and was not issued by the Tenth Circuit.  The Fourth Circuit in *Fredericksburg* held that the burden of proving subject matter jurisdiction rests with the plaintiff. *Id.*

Plaintiff argues, again without support, that the state court lacked Article III standing because the underlying motion was "born as a structural jurisdictional nullity."  There is no legal authority cited to support this argument.    The Plaintiff's case citation for *United Bank of Boulder v. Buchanan*, 48 Colo. App. 12, 15, 653 P.2d 70 (Colo. App. 1982) does not exist. *Goodwin v. District Court*, 770 P.2d 837, 840 (Colo. 1989) actually confirms the jurisdiction of the district court to consider issues such as standing in a Rule 120 proceeding.  It does not negate the Boulder County District Court's jurisdiction.    To be sure, the minute order marked as Exhibit 5 shows that Magistrate Judge Kelley found Freedom is the real party-in-interest.

"Precedent makes clear that a judicial proceeding brought pursuant to Rule 120 which follows the dictates of that law does not violate an individual's due process rights under the Fifth and Fourteenth Amendments."  *Davis v. Deutsche Bank Nat'l Trust Co.*, No. 16-cv-02245, 2017 WL 2864937, at *6 (D. Colo. July 5, 2017) (slip copy) (quoting *Lewis v. JP Morgan Chase Bank, N.A.*, No. 13-cv-1375, 2014 WL 1217948, at *10 (D. Colo. Mar. 24, 2014) (internal citations omitted)).  "As a general rule, due process requires that a person be given notice and an opportunity for a hearing before being deprived of a property interest."  *U.S. v. 51 Pieces of Real Prop.*, 17 F.3d 1306, 1314 (10th Cir. 1994).  The Complaint does not set forth any due process

5

violations by Freedom, Attorney Bellanti or the other Defendants, and Plaintiff has not demonstrated how he personally was deprived of any due process.

### III. CONCLUSION

Inasmuch as Plaintiff failed to address the elements of the claims actually set forth in his Complaint, the Defendants incorporate their arguments in the Motion to Dismiss to demonstrate why the claims fail as a matter of law. For these reasons, Defendants request an Order dismissing Plaintiffs' Complaint with prejudice, and for such additional relief as this Court deems just and proper.

Dated: June 9, 2026                     Respectfully Submitted,


MCCARTHY & HOLTHUS, LLP

By:    */s/ Holly R. Shilliday*
X Holly R. Shilliday Attorney Reg No. 24423
_ Ilene Dell'Acqua Attorney Reg No. 31755
_ Donna Bakalor Attorney Reg No. 38854
_ Steven Bellanti Attorney Reg No. 48306
McCarthy & Holthus, LLP
7700 E. Arapahoe Road, Suite 230
Centennial, CO 80112
Telephone: 877-369-6122
Facsimile: 866-894-7369
Attorneys for Defendants Freedom Mortgage
Corporation and Steven Bellanti

6

CO-26-1053244-CV

CERTIFICATE OF SERVICE

I hereby certify that on this 9th of June, 2026,  true and correct copies of the foregoing
documents were filed and served electronically through this Court's CM/ECF system or served
via U.S. Mail, first class postage prepaid, upon the following:

Stephen Hayes
205 Ken Pratt Boulevard
Suite 120 #1018
Longmont, CO 80501
Email: heliosexpressenterprize@gmail.com

Jeremy D. Johnston
Colorado Department of Law
1300 Broadway
10th Floor
Denver, CO 80203
Email: jeremy.johnston@coag.gov

Colin James Mayberry
Boulder County Attorney's Office
P.O. Box 471
1325 Pearl Street (80302)
Boulder, CO 80306
Email: cmayberry@bouldercounty.org

Kevin Patrick McCaffrey
Boulder County Attorney's Office
P.O. Box 471
Boulder, CO 80306
Email: kmccaffrey@bouldercounty.gov

s/ Holly R. Shilliday
for McCarthy & Holthus, LLP

7

CO-26-1053244-CV