**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-01227-RMR-KAS

STEPHEN HAYES,

Plaintiff,

v.

FREEDOM MORTGAGE CORPORATION, and
STEVEN BALLENTI, in his individual capacity,

Defendants.

---

**ORDER**

---

Plaintiff Stephen Hayes ("Plaintiff"), who proceeds pro se, brought this action on March 24, 2026, challenging a pending foreclosure on his property and asserting several constitutional claims under 42 U.S.C. § 1983 and the First Amendment. ECF No. 1 at 9-28. Since initiating this case, Plaintiff has filed a Motion for Leave to File First Amended Complaint, ECF No. 47,[1] and Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("TRO"), ECF No. 54. Defendants have not responded to these pending motions but have filed their own Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 27. In the interest of promoting the just, speedy, and inexpensive determination of this action under Fed. R. Civ. P. 1, the Court addresses

[1] Plaintiff also filed a Motion to Expedite Ruling on Pending Motion for Leave to Amend Complaint. ECF No. 51.

each of the Plaintiff's pending Motions in this Order. For the reasons stated below, Plaintiff's Motions are denied.

## I. BACKGROUND

Plaintiff filed this case against Defendants Elizabeth H. Kelley, Freedom Mortgage Corporation, Amy Shiano, Paul Weissman, and Steven Bellanti. ECF No. 1. On August 6, 2026, Plaintiff voluntarily dismissed Defendants Kelley, Shiano, and Weissman. ECF No. 46. He then filed a Motion for Leave to File First Amended Complaint in an effort to address "[m]aterial events [that] occurred after the original Complaint was filed" and add H2 Properties Inc. and Joe Hicks as defendants in this case. ECF No. 47 at 3, 10.

It appears that Plaintiff challenges Freedom Mortgage's foreclosure on his property under Colorado's Rule 120 procedure. ECF No. 1 at 1-3. Plaintiff alleges Defendant Freedom Mortgage lacks standing to foreclose on the property and that the Rule 120 process, which explicitly states that filing a response will not stop the foreclosure process, deprives him of due process and his First Amendment right to petition the government for redress of grievances. *Id.* at 4, 11-12. He states that following the Rule 120 hearing on April 7, 2026, a public-trustee sale occurred on May 13, 2026. ECF No. 47 ¶ 4. Then, "H2 Properties Inc. asserted foreclosure-derived title and commenced a possession action that allegedly relied on materially differing Notice-to-Quit versions used through Joe Hicks." *Id.*

On August 14, 2026, the Boulder County Court entered judgment in favor of H2 Properties following trial in Boulder County Court Case No. 2026C32037. ECF No. 54 at 2. The Boulder County Court ordered Plaintiff to surrender the property at issue by August

26, 2026. *Id.* Plaintiff appealed the Boulder County Court's judgment that same day and appeared before the county court on August 17, 2026, to inquire about the appeal, appeal-bond, possession judgment, and Writ of Restitution. *Id.* Also on August 17, 2026, Plaintiff filed the Emergency TRO in this case.

## II. LEGAL STANDARD

While the Court construes a pro se party's pleadings liberally, the court does not assume the role of advocate for the pro se litigant. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Rule 15 permits a party to "amend its pleading once as a matter of course no later than (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under Rule 15, "[t]he court should freely give leave when justice so requires." *Id.*

Federal Rule of Civil Procedure 65 authorizes a district court to enter preliminary injunctions. Fed. R. Civ. P. 65(a). "Preliminary injunctions are extraordinary remedies requiring that the movant's right to relief be clear and unequivocal." *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018). A party seeking preliminary injunctive relief must satisfy four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Petrella v. Brownback*, 787 F.3d 1242, 1257 (10th Cir. 2015). A party

seeking an injunction must demonstrate that "all four of the equitable factors weigh in its favor," *Sierra Club, Inc. v. Bostick*, 539 F. App'x 885, 888 (10th Cir. 2013), and a "plaintiff's failure to prove any one of the four preliminary injunction factors renders its request for injunctive relief unwarranted." *Vill. of Logan v. U.S. Dep't of Interior*, 577 F. App'x 760, 766 (10th Cir. 2014).

In addition to the four factors, a district court must also consider whether the movant's request falls within one of the "disfavored injunction" categories. Those categories of disfavored injunctions include those that will (1) alter the status quo, (2) mandate an affirmative act by the defendant, or (3) afford all the relief that the movant could expect to win at trial. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2004).

## III. ANALYSIS

At the outset, the Court notes Plaintiff filed a Notice on May 6, 2026, suggesting the Court lacks subject-matter jurisdiction over this case and requesting the Court "dismiss[] the case in its entirety." ECF No. 31 at 6. The Court presumes Plaintiff's request to dismiss the "case" is actually a request to dismiss Defendants' Motion to Dismiss, ECF No. 27, because Plaintiff later states the Court does have subject-matter jurisdiction over the alleged federal claims in this matter, ECF No. 54 at 4. Assuming Plaintiff does not wish to dismiss this case as a whole, the Court must first determine whether it has jurisdiction over his claims.

With respect to his Emergency TRO, Plaintiff anticipates the Court's concern regarding *Younger* abstention. ECF No. 54 at 5. Indeed, the *Younger* abstention doctrine "requires that federal courts not interfere with state court proceedings by granting

equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings – when such relief could adequately be sought before the state court." *Egbune v. Baum*, No. 23-CV-02830-PAB, 2024 WL 1374905, at *3 (D. Colo. Apr. 1, 2024) (citing *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)). "[E]ven when a federal court would otherwise have jurisdiction to grant declaratory or equitable relief, the court must abstain from exercising jurisdiction when a judgment on the claim would interfere with ongoing state criminal or civil proceedings." *Id.*

The Supreme Court has established a three-part analysis for *Younger* abstention. *Id.* at *4. The federal court must abstain if "(1) there is an ongoing state judicial, civil, or administrative proceeding, (2) which implicates important state interests, and (3) in which there is an adequate opportunity to raise constitutional challenges." *Id.* The Tenth Circuit has explained that a state judicial proceeding is no longer "ongoing" in the *Younger* abstention analysis when "a lower state court issues a judgment and the losing party allows the time for appeal to expire." *Id.* Here, Plaintiff has made it clear that he has appealed the Boulder County Court's judgment against him. Therefore, the circumstances in this case satisfy the first prong of the *Younger* abstention analysis.

Next, the Supreme Court has "held it to be 'beyond question' that crafting and enforcing the laws governing the foreclosure process is 'an essential state interest.'" *Id.* (quoting *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544 (1994)). The Tenth Circuit instructs that abstention is appropriate where "no particular reason appears why the objections advanced in federal court could not be given fully adequate consideration in

the state courts." *Id.* at *5. (quoting *Crown Point I, L.L.C. v. Intermountain Rural Elec. Ass'n,* 319 F.3d 1211, 1215 (10th Cir. 2003)). In this case, Plaintiff has not identified specific reasons why his objection to the Boulder County Court's foreclosure determination cannot be fully considered in the state courts. Thus, prongs two and three of the *Younger* abstention analysis are also satisfied. Indeed, the state court has conducted a trial on the merits of Plaintiff's foreclosure case, and Plaintiff has now sought the review of this decision through the state's appellate court.

The Supreme Court has cautioned extending *Younger* abstention to "virtually all parallel state and federal proceedings" and emphasized that *Younger* applies to only three exceptional circumstances: "(1) state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78, 81-82 (2013)). With respect to these exceptional circumstances, courts in this District "have found that a complaint seeking injunctive or declaratory relief directly related to a state foreclosure proceeding constitutes an exceptional circumstance under *Sprint* because such a[] request essentially asks the court to enjoin, or at the very least overturn, a state court foreclosure judgment." *Id.* (cleaned up). In this case, Plaintiff's requested relief in his Emergency TRO falls squarely in this category of exceptional circumstances. Thus, abstention is appropriate and Plaintiff's Emergency TRO (ECF No. 54) is DENIED.

Finally, it is likely that abstention may also preclude this Court from proceeding with the Plaintiff's complaint against Defendants, which seeks similar injunctive and

declaratory relief. Thus, this Court has contemporaneously entered an Order to Show Cause as to why the Complaint should not be dismissed without prejudice and why Plaintiff's proposed amended complaint should not also be dismissed on the same basis.

## IV. CONCLUSION

For the reasons set forth above, IT IS ORDERED that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 54, is **DENIED**;

DATED: August 19, 2026

BY THE COURT:

______________________________

REGINA M. RODRIGUEZ
United States District Judge